Rhonda K. Wood, Justice, concurring. I join the majority opinion but write separately to emphasize the failure of the attorneys and the circuit court to ensure that the statutory scheme passed by the General Assembly was followed in this case. The children undoubtedly suffered unspeakable abuse and neglect. Cases such as this are difficult for all involved. Dockets are crowded and attorneys in this area are typically underpaid and | ^overworked. However, there is no excuse for repeatedly failing to have timely hearings. Cases involving abused and neglected children must be a priority in our justice system. Here, the adjudication and review hearings were not held in a timely fashion. The orders were not timely entered. Additionally, the circuit court failed to hold the second six-month review hearing and failed to hold a permanency planning hearing. An adjudication hearing in a dependency-neglect case “shall be held” within 30 days of the probable cause hearing. Ark. Code Ann. § 9-27-327(a)(4)(A) (Repl. 2015). As the law now stands, upon a motion by the court or a party, this hearing may be continued up to 60 days after removal. Ark. Code Ann. § 9-27-327(a)(4)(B). At the time this case took place, the law provided that the hearing could be continued up to 60 days after the probable cause hearing for good cause shown. Ark. Code Ann. § 9-27-327(a)(2)(A) (Supp. 2013). In the present case, the adjudication hearing was not held within 30 days. Rather at the probable cause hearing, the case was set for 56 days out. The record reflects that the parties appeared for the adjudication, but the Department of Human Services sought a continuance thus the adjudication hearing was rescheduled for 95 days from the probable cause hearing, well past the statutory time frame. That hearing likewise did not happen because the judge continued it for health reasons. The result was that the adjudication hearing for B.D. and J.M. was held 112 days following the probable cause hearing, and the adjudication hearing for A.M. was held 84 days following the probable cause hearing. Both well beyond the statutory maximum time frame then of 60 days. To compound the issue, the adjudication order was not filed until August 27, 2015, which was six months after the adjudication | ^hearing, thi'ee months after the one and only review hearing, and ten days after the Department filed the petition for termination of parental rights. Next, a review hearing shall take place every six months if the child is placed outside of the home. Ark. Code Ann. § 9-27-337(a)(1)(A) (Supp. 2013). The first review hearing shall be held no later than six months from the initial out-of-home placement and every six months thereafter if the child continues to be placed out of the home. Ark. Code Ann. § 9-27-337(a)(2)(A),(B). In this case, the court did not hold the first review hearing until almost seven months from the initial removal of B.D. and J.M. No subsequent review hearing was ever held. Rather, the next court hearing was the termination hearing, which was almost nine months after the first, and only, review hearing. Last, a court shall hold a permanency planning hearing “no later than twelve months” from the date the child is removed from the home. Ark. Code Ann. § 9—27—338(a)(1)(A) (Supp. 2013). In this case, the court never held a permanency planning hearing even though B.D. and J.M. were placed out of their home for fifteen months prior to termination and A.M. was placed out of the home for fourteen months. To summarize, these children were removed from the home but not adjudicated dependent-neglected for almost four months. That order was not entered for another six months. The circuit court held only one review hearing and then severed these children from their parents a little over a year later. While I can find no legal error regarding the circuit court’s termination decision, there was most certainly a failure in the process of protecting these children. The mother had three older children previously removed and |lflB.D. had been removed in the past and returned to her mother’s care only to be seriously abused. The father refused to recognize the danger and protect the children. However, even in the face of horrendous abuse, the system must function in a timely and orderly manner, especially when children are involved. The General Assembly designed the law to protect children. Here, the record is eerily silent as to why counsel for the Department of Human Services, parent counsel, and the children’s ad litem did not demand these hearings occur and occur timely and that orders were entered. Circuit courts and attorneys in dependency-neglect cases must be aware of the statutory time periods and ensure that dependency-neglect cases proceed as required. To do otherwise is simply unacceptable.